UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LOUIO-CAPO,

        Petitioner,

    v.                           Case No.:  2:26-cv-00776-SPC-NPM

WARDEN,

        Respondent,

_____/

## OPINION AND ORDER

Before the Court is Frank Louio-Capo's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1).  Louio-Capo asks the Court to order his release from immigration detention, but he does not say why.  To proceed, Louio-Capo must file an amended petition alleging facts that demonstrate his detention violates federal law.  Conclusory allegations are not enough to warrant habeas relief.  *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

Also, the petition does not identify a respondent.  A habeas petitioner must state "the name of the person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242.  The immediate custodian—i.e., the warden of the detention facility—is normally the only proper respondent in a habeas action, but immigration detention is more complicated.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining

to decide whether the Attorney General is a proper respondent to a habeas action filed by an alien pending deportation); *see also Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020) (finding the director of ICE's local field office is a more appropriate respondent than the warden of a state-run detention facility).

The Court finds that Louio-Capo is not entitled to habeas relief on any ground in his petition. Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**. Louio-Capo may file an amended petition within **21 days** of this order. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record